UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

P.M., individually and by his parent and
next friend, S.M.,

                Plaintiffs,

v.                                                 **DECISION AND ORDER**
                                                                                  09-CV-686S

EVANS-BRANT CENTRAL SCHOOL DISTRICT,

                Defendant.

## I. INTRODUCTION

Plaintiff P.M., a minor, individually and through his parent, Plaintiff S.M., after receiving favorable rulings at the administrative level against Defendant Evans-Brant Central School District ("Evans"), bring this action for attorney fees pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 <u>et</u> <u>seq.</u>, as re-authorized and amended by the Individuals with Disabilities Education *Improvement* Act (IDEIA). Relevant to this action, the IDEIA added a 90-day statute of limitations, where none existed before, for certain claims brought under the IDEA. Presently before this Court is Evans' Motion to Dismiss (Docket No. 5), Plaintiffs' Motions to Seal Document (Docket No. 7), and Plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket No. 8). For the following reasons, Evans' motion is denied in part and granted in part, while Plaintiffs' motions are granted.

As an initial matter, this Court must address Plaintiffs' motion to amend their complaint. Plaintiffs move to file a Second Amended Complaint to add the full names of the Plaintiffs and to include a detailed breakdown of the attorney fees at issue. The motion

to seal then seeks, as it sounds, to seal that document to protect the minor's identity.

Leave to amend is freely granted when justice so requires. See Fed. R. Civ. P. 15 (a)(2). The proposed amendment makes only minor changes and does not add any substantive allegations or claims. Accordingly, Evans is not prejudiced and, for the sake of efficiency and expediency, this Court will grant leave to amend and resolve the Motion to Dismiss as against the Second Amended Complaint. To protect the minor-Plaintiff's identity, Plaintiffs' Motion to Seal is also granted.

## II. BACKGROUND

**A.    Facts**

The facts are undisputed. Under New York Education Law ("N.Y. Educ. Law"), parents who are dissatisfied with a proposed Individualized Education Plan for their children may request, pursuant to IDEA-mandated procedures, a review before an impartial hearing officer ("IHO") appointed by the board of education. N.Y. Educ. Law. § 4404(1) (McKinney 2001 & 2008 Cumulative Pocket Part); see generally 20 U.S.C. § 1415(f) (describing requirements for impartial due process hearing). S.M., dissatisfied with the educational placement of her disabled son while he was a student at Evans, filed such a complaint against Evans. On June 2, 2008, after a hearing, Michael Lazan, the IHO, issued a decision in Plaintiffs' favor determining that Evans failed to provide P.M. with appropriate educational programs and services for the 2007-2008 school year. (Complaint ¶ 14).

On June 23, 2008, Evans, under the authority of the N.Y. Educ. Law, appealed the IHO's decision to the State Review Officer ("SRO") of the New York State Education Department. See N.Y. Educ. Law. § 4404(2); see generally 20 U.S.C. § 1415(g) (describing requirements for appeal to state agency). Two months later, on August 25, 2008, the SRO

upheld the IHO's decision. (Complaint ¶¶ 16-18). Defendant did not appeal the SRO's decision, rendering Plaintiffs the prevailing party entitled to attorney fees and costs under the IDEA. 20 U.S.C. § 1415(i)(3)(B)(I).

On February 27, 2009, Plaintiffs demanded payment from Defendant for attorney fees and costs, totaling $58,455.84, later reducing that amount to $57,872.84. (Complaint ¶ 35.) But Evans denied that request (Complaint ¶ 38) and eventually brought this motion arguing that Plaintiffs are not entitled to any fees or costs.

### III. DISCUSSION

**A.     Motion to Dismiss Standard**

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S. Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8 (a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Courts therefore use a two-pronged approach to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950. First, statements that are not entitled to the presumption of truth – such as conclusory allegations, labels, and legal conclusions – are identified and stripped away. See Iqbal, 129 S. Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id.

**B.   Evans' Motion to Dismiss**

Evans raises three main arguments in support of its motion to dismiss, asserting that dismissal is warranted because (1) Plaintiffs were never given permission from this Court to use abbreviated names, (2) the action is barred by the statute of limitations, and

(3) the Amended Complaint fails to include essential elements of the claim. Evans also seeks to dismiss P.M. as a party in his individual capacity. Each argument will be discussed below.

### 1.      Abbreviated Names

Defendants claim that Plaintiffs violated Federal Rules of Civil Procedure by attempting to proceed anonymously without leave from this Court. While Federal Rule of Civil Procedure 10 indicates that the pleadings must name all the parties, and while the public nature of judicial proceedings is clearly an integral element of our system, anonymity of the parties may be preserved in certain circumstances. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189-190 (2d Cir. 2008). Determinations of this nature are left to the discretion of the district court. Id. at 190.

Exercising that discretion, this Court is easily satisfied that Plaintiff's claim should not be dismissed because they proceeded under abbreviated names despite their failure to initially move for leave to proceed in such a manner. This action involves a minor-student whose interests must be considered.  In fact, regarding disabled students, New York State Regulations require the preservation of the confidentiality of "the name of the student, the student's parent or other family member . . . or other information that would make it possible to identify the student with reasonable certainty." 8 NYCRR §200.5(e)(1)-(2). Contrarily, there is no public interest in identifying the minor child or the parent bringing suit on behalf of the child, whose identity, if disclosed, could jeopardize the child's confidentiality. Indeed, this issue is settled in this District. See P.M. v. Evans-Brant Cent. Sch. Dist., No. 08-CV-168A, 2008 WL 4379490, at *2-4 (W.D.N.Y. Sept. 22, 2008); C.B. v. Pittsford Cent. Sch. Dist., No. 08-CV-6462 CJS, 2009 WL 2991564, at *5 (W.D.N.Y.

Sept. 15, 2009) ("Judge Arcara's decision [in P.M.] indicates that in a case such as the present one, the parent and child are permitted to proceed using only their initials "*as a matter of course*.") (Emphasis added).

Moreover, Evans and its counsel were fully aware of the Plaintiff's identity (see Affidavit of David Oakes, ¶ 2; Docket No. 5-2) and any defect has been cured by Plaintiffs' Second Amended Complaint, disclosing Plaintiffs' full names under seal. Accordingly, Defendants' motion on this ground is denied.

### 2.  Statute of Limitations

Evans further argues that this action is barred by the statue of limitations. It emphasizes §1415(i)(2) of the IDEA, which, amended by the IDEIA in 2005 to include a 90-day statute of limitations, reads in pertinent part:

> (A) In General
> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.
>
> (B) Limitation
> The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows.

New York State does have an "explicit time limitation," substituting a four month statute of limitations in place of the IDEA's 90-day limitation. See New York State Education Law Section ("N.Y. Educ. Law" 4404(3)(a) Thus, Evans argues, this action is

6

time barred because it was brought on July 30, 2009, over 7 months after the statute expired, which began to run when the SRO's made its final decision on August 25, 2008.

But, as Plaintiffs point out, both the federal and New York State statutes appear to refer exclusively to temporal limitations regarding the appealability of the SRO's decision, not a separate action for attorney fees. For example, N.Y. Educ. Law Section 4404(3)(a) – where the four month limitation is found – refers to an action to "*review*" the SRO's decision. But an action for attorney fees does not seek review; instead, it seeks a separate form of relief unavailable at the administrative level.

Further, both the text of the IDEA and the Senate Report discussing the amendments to the IDEA – specifically the addition of a statute of limitations – refer to "aggrieved" parties, obviously contemplating parties who lost at the administrative level and now seek appeal. Although Evans argues to the contrary and cites a case from the Sixth Circuit that holds as much, this Court is unpersuaded that Congress meant to use the term "aggrieved" to refer to claimants who won at the administrative level. Such a conclusion is contradictory – a party cannot have been "aggrieved" and be said to have "prevailed" in the same action where there was only one outcome. One term clearly connotes loss while the other indicates victory. As such, the Senate Report and the IDEA itself suggest that the statute of limitations applies only to those parties seeking appeal, not to those seeking attorney fees.

In fact, the section of the IDEA which grants prevailing parties the ability to obtain attorney fees, 20 U.S.C § 1415(i)(3)B)(i)(I), was untouched by the IDEIA amendment, which added the 90-day statute of limitations in a different section. Had Congress intended this same statute of limitations period to apply to actions to recover attorney fees after

prevailing at the administrative hearing stage, it easily could have. But it did not. Where a statute contains a clear and express reference to the applicability of a specific limitations period for one form of action, and no similar express limitations period exists for another form of action, "it cannot be that this singular and yet distinctly separate limitations period simply applies to both actions." Wilson v. Gov't of D.C., 269 F.R.D. 8, 18 (D.D.C. 2010).

Neither party points to a case within the Second Circuit decided after the implementation of the IDEIA that adopts either the 90-day limitation or a different standard for actions based solely on attorney fees.[1] But, as Plaintiff's note, before the inclusion of the 90-day period in the IDEA, courts in the Second Circuit have adopted a three-year statue of limitations for attorney fee actions, while retaining the four-month limitation for applications for review. Explaining this choice and echoing the discussion above, the court in Robert D. v. Green, 688 F. Supp 861, 864 (S.D.N.Y. 1988), noted:

> The reasoning of the court in Adler [v. Education Dept. of State of New York, 760 F.2d 454 (2d Cir.1985)], however, does not apply to the case at bar. In that case the court was considering review of the Commissioner's determination under Sec. 1415(e)(2), while this case involves solely an award of attorney's fees under Sec. 1415(e)(4)(B). There is no similarity or analogy between an action for attorney's fees and costs, and an action to appeal a final administrative determination. In addition, there is no policy implicated by applying a longer statute of limitations to an action solely to recover attorney's fees. This Court concludes, therefore, that the statute of limitations applicable to this case is found in Sec. 214(2) N.Y. Civ. Prac. Law, which provides that an action must be commenced within three years if it is: 'an action to recover upon a liability, penalty or forfeiture created or imposed by statute . . .'

Congress was presumably aware that courts applied different statutes of limitation

---

[1] Plaintiffs do cite S.W. v. Warren, 528 F. Supp. 2d 282 (S.D.N.Y. 2007), which was decided after the enactment of the IDEIA. But the court predicated its holding that a three-year statute of limitations should apply on the finding that "the IDEA does not provide its own statute of limitations." Id. at 301.

8

to claims for review and claims for attorney fees. See e.g., Id.; Zipperer v. Sch. Bd. of Seminole Cnty., 111 F.3d. 847, 850-51 (11th Cir. 1997) (finding four-year limitations period, governing claims for statutory liability, not 30-day period governing appeals from administrative decisions, applicable to IDEA actions for attorney fees). Yet, it chose to amend only the section relating to the former. "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L. Ed. 2d 17 (1983) (citation and quotation marks omitted).

Further, courts in other jurisdictions have upheld the application of a different limitation period for attorney fee claims even after the enactment of the IDEIA. See Brandon E. v. Dept. of Educ., State of Haw., 621 F. Supp. 2d 1013 (D. Haw. 2008). Like the court in Robert D., the Brandon E. court distinguished actions for appeal from actions for attorney fees, and thus found that the 90-day limitation did not apply. Id. at 1016 ("The IDEA does not authorize the recovery of attorney's fees by the prevailing party in administrative proceedings. Rather, Congress provided independent court action for such relief with no specific statute of limitations for such actions . . .th[e] Senate Report implies that Congress intended the IDEA's limiting statute to apply exclusively to due process appeals to federal court and not to separate fee actions.")

Granted, the Sixth and Seventh Circuits find no difference between an action for attorney fees and an action for review. See King v. Floyd Cnty, Bd. of Educ., 228 F.3d 622 (6th Cir. 2000); Powers v. Ind. Dep't of Educ., 61 F.3d 552, 557 (7th Cir.1995). But this Court is unpersuaded by this non-binding authority because of the compelling statutory

considerations outlined above. Additionally, this Court finds that policy considerations dictate a contrary result.

The IDEIA aims to "encourage informal and speedy resolution of problems." S. Rep. No. 108-185, 2003 WL 22536141, at *1 (2003). Such a goal presumably relates to the IDEIA's addition of a statute of limitations and also reflects the goals envisioned in 1975 when Congress first enacted the Education for All Handicapped Children Act, Pub. L. 94-142, 89 Stat. 773 (1975), which is part of today's IDEA. Then, as now, Congress sought to ensure that the states would provide all disabled children with a "free appropriate public education." In the final Senate debate, Senator Williams, the IDEA's principal author, recognized the urgency needed in resolving IDEA claims, stating:

> I cannot emphasize enough that delay in resolving matters regarding the education program of a handicapped child is extremely detrimental to his development. The interruption or lack of the required special education and related services can result in a substantial setback to the child's development. Thus, in view of the urgent need for prompt resolution of questions involving the education of handicapped children it is expected that all hearings and reviews conducted pursuant to these provisions will be commenced and disposed of as quickly as practicable consistent with a fair consideration of the issues involved

121 Cong. Rec. 37, 416 (1975).

The need for this urgency is noticeably absent in an application for attorney fees. "The policy behind a short statute-of-limitations period recognizes that children change and grow rapidly, and questions about their education must be answered with all possible speed." Chavez ex rel. E.C. v. Espanola Public Schs., 795 F. Supp. 2d 1244 (D.N.M. 2011) But of course, "whether a lawyer is paid for his or her services post hoc has no bearing on shaping the child's immediate educational needs." Id. Other courts have also recognized

this sensible principle. See Wilson, 269 F.R.D. at 20 ("[O]nce the disabled child or the parent of the child prevails at the administrative proceeding level, the dispute concerning the needs of the child is effectively resolved. The only remaining issue at that point is one of fee shifting; a matter that . . . does not demand an abbreviated statute of limitations as would a judicial appeal of a decision adverse to the child or child's parent."); Zipperer, 111 F.3d at 851 ("[T]he resolution of claims for attorneys' fees is less urgent and, in reality, is more likely to be resolved by the attorneys' interest in prompt payment than by a short period of limitations.") (Alteration, citations, and quotation marks omitted.) Accordingly, this Court finds the IDEIA did not change the applicable statute of limitations for the purposes of an attorney fees claim in New York. As such, Plaintiffs had three years from the time of the SHO decision to file this claim. See Ms. C v. Plainfield Bd. of Educ., 382 F. Supp. 2d at 349, n. 1 (D. Conn. 2005) (noting that district courts within the Second Circuit have applied a three-year statute of limitations to attorney's fees petitions in IDEA cases). Initiated on July 30, 2009, their claim was well within this time period and Evans' motion on this ground is consequently denied.

  **3. Essential Element**

Evans' also makes an apparently novel argument that to properly plead a claim for attorney fees, Plaintiff's were required to include in their complaint the prevailing attorney rates in the community.

But Evans' cites no case holding as much and the IDEA does not compel this conclusion. Nor do the Federal Rules of Civil Procedure, which require only that the plaintiff plead the grounds for jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-

11

(3). As the prevailing party, explicitly entitled to attorney fees under the IDEA, Plaintiffs have patently met this burden.

### 4. P.M. in his Individual Capacity

Because P.M. was a minor at the time Plaintiffs brought this suit, Evans seeks to dismiss him as a party in his individual capacity. Plaintiffs do not oppose this argument in their memorandum of law. Federal Rule of Civil Procedure 17(c)(2) permits S.M. to bring this suit on behalf of P.M., but P.M. cannot bring the suit individually. See New York Civil Practice Law and Rules §§ 105(j) (defining infancy as under 18-years-old), 1201 (infant must appear through a represenative); see also James v. New York, 415 Fed. Appx. 295, 296 (2d Cir. 2011) (capacity of individual to bring suit determined by law of the individual's domicile.) Therefore, Evans' motion on this ground is granted and P.M., in his individual capacity only, is dismissed from this suit.

## IV. CONCLUSION

For the foregoing reasons, Evans' Motion to Dismiss is denied in all respects except that P.M. is dismissed as a plaintiff in his individual capacity. Plaintiffs' motions to amend their complaint and to seal are granted.

## V. ORDERS

IT HEREBY IS ORDERED, that Evans' Motion to Dismiss  (Docket No. 5) is DENIED in part and GRANTED in part.

FURTHER, that Plaintiffs' Motion for Leave to File a Second Amended Complaint (Docket No. 8) is GRANTED.

FURTHER, that Plaintiffs' Motion to Seal (Docket No. 7) is GRANTED.

FURTHER, that Plaintiff is directed to file her Second Amended Complaint by

January 13, 2012.

FURTHER, that the Clerk of the Court is directed to amend the Caption to reflect the order that P.M. should be removed as a plaintiff in his individual capacity.

SO ORDERED.


Dated:      January 8, 2012
              Buffalo, New York

                                              /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                                   Chief Judge
                                        United States District Court